IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| VENUE CHISCA LLC,<br>  Plaintiff,<br><br>v.<br><br>BRITTNEY JONES and THE<br>SPRUCE WEDDING COMPANY,<br>LLC d/b/a Spruce Rentals,<br>  Defendants. | Case No. 1:19-cv-01054-SLD-JEH |

**Order**

Now before the Court is Plaintiff Venue Chisca LLC's Motion to Strike Affirmative Defenses (Doc. 18), Defendants Brittney Jones (Jones) and The Spruce Wedding Company, LLC d/b/a Spruce Rentals' Response and Objection to Plaintiff's Motion to Strike "Affirmative Defenses" (Doc. 19), the Plaintiff's Motion for Leave to File Reply RE: Motion to Strike Affirmative Defenses (Doc. 20), and the Defendants' Response and Objection thereto (Doc. 21). For the reasons set forth, *infra*, the Plaintiff's Motion to Strike Affirmative Defenses is DENIED and its Motion for Leave to File Reply is DENIED as well.

**I**

The Plaintiff filed this case on February 22, 2019 claiming Defendants Jones, manager of Defendant The Spruce Wedding Company, LLC (The Spruce), and The Spruce violated the Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d). The Plaintiff alleges they violated the ACPA because of Jones' bad faith intent to profit from her registration, trafficking in, and use of domain names identical or confusingly similar to the distinctive mark Venue Chisca. The Defendants' Motion to Dismiss was denied on August 8, 2019. The

Defendants subsequently filed their Answer and Defenses (Doc. 15) on August 19, 2019, and a discovery schedule was set on September 3, 2019.

In the instant Motion to Strike, filed on September 6, 2019, the Plaintiff argues all 10 of the Defendants' affirmative defenses should be stricken to not burden the Court during future motions or the discovery process. The Plaintiff articulates reasons to strike each affirmative defense and contends, generally, that none of Defendants' affirmative defenses are plausible. The Plaintiff filed its Motion for Leave to File Reply on September 25, 2019 and the Defendants filed their Response and Objection to it the same day.

## II

Federal Rule of Civil Procedure 12(f) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (stating that motions to strike are not favored and "will not be granted unless is appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense" and "are inferable from the pleadings") (collecting cases). Moreover, courts do not generally grant motions to strike unless the defect in the pleading causes prejudice to the party bringing the motion. *Hofmann v. Sumner*, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007).

Here, the parties' briefing on the Motion to Strike reveals why such motions are generally disfavored due to the delay they often cause. Rather than it appearing to a certainty that the Plaintiff would succeed despite any state of facts which could be proved in support of the enumerated defenses and are inferable from the pleadings, both parties' arguments reveal there is anything but certainty as to the ultimate success or failure of those defenses. Additionally, the Defendants in their Response seek leave to withdraw defenses 5 through 10. The Court grants that request which thus moots a bulk of the Plaintiff's arguments to strike the Defendants' affirmative defenses. Therefore, at this time, the Motion to Strike as to the remaining defenses adds clutter (and therefore delay) to this case rather than serves to remove

unnecessary clutter. *See Heller Financial, Inc.*, 883 F.2d at 1294 (explaining that motions to strike serve to expedite rather than delay where they remove unnecessary clutter from the case). This is particularly true given the parties' further filings pertaining to the Plaintiff's request to file a reply. A discovery schedule was only recently put into place and the progress the parties make in discovery may cause many of the issues raised in the Motion to Strike to become moot. While the Plaintiff argues its Motion to Strike should be granted so as not to burden the discovery process, the parties' arguments suggest challenges to those affirmative defenses may be better suited for the Court's consideration at a later time after the benefit of discovery. The Court is not convinced that the alleged defects in the Defendants' Answer and Defenses are causing such prejudice to the Plaintiff that its Motion to Strike should be granted. The Court need not consider any reply the Plaintiff wishes to file in support of its Motion to Strike and so the request to file one is denied.

### III

For the reasons set forth, *supra*, the Plaintiff's Motion to Strike Affirmative Defenses (Doc. 18) and its Motion for Leave to File Reply RE: Motion to Strike Affirmative Defenses (Doc. 20) are DENIED. The Defendants are granted leave to withdraw without prejudice affirmative defenses 5 through 10.

*It is so ordered.*

Entered on September 30, 2019.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE